IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 APR -7 P 2: 59

P. HACKETT,
U.S. DISTRICT COUR
MIDDLE DISTRICT AL

| | |
|---|---|
| **CEDRIC GRANT,** | |
| **Plaintiff** | |
| v. | Civil Action Number 2:06CV318-DRB |
| | JURY DEMAND REQUESTED |
| **HOSPITAL HOUSEKEEPING SYSTEMS (HHS)** | |
| **Defendant** | |

## COMPLAINT

**A.   JURISDICTION**

1. Comes Now the Plaintiff, Cedric Grant, (hereinafter referred to as "Plaintiff Grant"), and by and through his counsel, files this Complaint, institute these proceedings, and invokes the jurisdiction of this Court pursuant to applicable laws under 28 U.S.C. § 1331 and 1334(a)(4), as an action arising under the Act of Congress known as Title VII of the **Civil Rights Act of 1964,** as amended, 42 U.S.C. § 2000 (e) et seq.), the 1991 Civil Rights Act, 42 U.S.C. §1981a, 42 U.S.C. §1981; to provide injunctive relief, the cost of suit, including reasonable attorney fees, back pay, compensatory and punitive damages, and all other or different relief the Court may deem appropriate and necessary.

2. Plaintiff Grant filed his original charge of race discrimination with the Equal Employment Opportunity Commission (EEOC), Birmingham District Office, Charge Number 130 2006 00687 against Hospital Housekeeping Systems (HHS) on November 3, 2005. The EEOC issued a Notice of Right to Sue on January 10, 2006, which was

received by Plaintiff on or about January 15, 2006.

3. The unlawful employment practices which are alleged herein were committed in the county of Montgomery County in the Middle District of Alabama. Since Defendant's place of business is located in Montgomery, Alabama, venue is also appropriate in the Middle District of Alabama, Northern Division.

## B. Parties

4. Plaintiff Cedric Grant is over the age of nineteen (19) years, and at all times relevant hereto, has been a citizen of the United States of America and a resident of 965 Farmington Lane, Montgomery, Alabama, 36064.

5. Defendant Hospital Housekeeping Systems (HHS) (hereinafter referred to as Defendant), has its primary place of business and agent located at 965 Congress Avenue, Austin, Texas 78701.

## C. STATEMENT OF FACTS FOR PLAINTIFF GRANT

6. Plaintiff Cedric Grant is an African American male over the age of nineteen years old.

7. Plaintiff was employed with Hospital Housekeeping Systems (HHS) as the manager of outside accounts. Plaintiff Grant managed over nine outside accounts, which were contractual not connected to any hospitals or medical providers. Plaintiff managed approximately seventeen employees.

8. However, Plaintiff was wrongfully demoted from his position as manager of outside accounts and became an assistant manager. As a result of such demotion, Plaintiff was placed under the supervision of a Caucasian manager, Nick.

9. Plaintiff was never written up for any disciplinary actions while he was

employed with HHS, instead he was given praises for a job well done by account managers of different facilities on his outside accounts

10. At one time, contracts for five facilities were lost along with five employees underneath his supervision. However, two new facilities, which were much larger, were gained, whereas seventeen (17) new employees came along with the new facilities. Therefore, Plaintiff's workload increased, the duties increased, his time spent on the job increased, and his managerial skills and demands increased all without any additional pay.

11. Nonetheless, Plaintiff was not given his job status as a manager of outside accounts and his authority was constantly being usurped.

12. Plaintiff was the only African American male manager of outside accounts for HHS, which as stated above came to an end because of his race. Throughout his employment with HHS, Plaintiff was treated differently from my Caucasian male counterparts, whereas they were allowed to receive training, which placed them in a better position for advancement within the company.

13. Plaintiff avers that some examples of company advancement which would account for higher managerial positions, included but were not limited to, Regional Director, District manager, Director for larger accounts, etc.

14. These positions were never offered to Plaintiff, instead they were offered to Caucasian males, Robert Steins, Nick (as mentioned above), and others. These positions were filled in May 2005 and prior months, but Plaintiff was not given the opportunity to apply for the positions nor an opportunity to advance in the company because HHS never posted the positions, which allowed Caucasians males to

monopolize the positions of higher management. These positions were of course, the better paid positions, lighter work load, easier jobs, etc.

15. Plaintiff avers he was never given a vacation for the four (4) years, he was employed with HHS, instead, his Caucasian male counterparts were given vacations.

16. In addition, Plaintiff was on call every weekend for all of his outside accounts, but HHS, added additional duties on him, whereas he was forced to work on inside accounts to give Caucasian inside managers time off. However, when Plaintiff asked for the same accommodations so that he could have some time off, he was of course denied.

17. Also, he was forced to use his own personal vehicle to haul HHS supplies and equipment, but no other Caucasian managers were required to do so. Then, HHS finally provided a company van to transport the supplies and equipment, but another Caucasian manager, needed a vehicle because his personal vehicle broke down. Therefore, HHS took the van from Plaintiff and gave it to the Caucasian manager. Plaintiff was left in a position, whereas, he was forced to used his own personal vehicle again to transport supplies and equipment, and HHS did not want to pay for mileage in relation to the same.

18. Then, HHS purchased cellular phones for all of their managers and Plaintiff was provided with the same. Soon thereafter, HHS took Plaintiff's cellular phone back and gave it to a Caucasian manager. Thus, Plaintiff was forced to used his personal cellular phone to contact employees and for employees, other managers, and upper management to contact him. Here again, HHS did not pay Plaintiff for the usage of his personal cellular phone and refused to pay any bills relating to the same.

19. Also, Caucasian managers were given Christmas bonuses and gift certificates, but Plaintiff did not receive any.

20. These are just a few of the examples of discrimination that the Plaintiff was subjected to.  Plaintiff reported to upper management the discriminatory practices taken against him by HHS, but nothing was done.

21. Plaintiff was a victim of race discrimination in violation of the Civil Rights laws.

## PLAINTIFF GRANT'S CAUSES OF ACTION

## RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, as amended, 42 U.S.C. § 1981, 42 U.S.C. § 2000(e), et seq.

22. Plaintiff Grant repeats, re-alleges and incorporates by reference paragraphs 1-21 above and further aver that his treatment by the Defendant was affected with the design, intent and purpose of forcing Plaintiff Grant to leaver his employment and be treated differently while employed  with Defendant due to race discrimination.

13.  Plaintiff Grant avers that the personnel action taken against him violated his right to be free of race discrimination in employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981, 42 U.S.C. § 2000(e) et. seq.

14.  Plaintiff Grant avers that he has pursued and exhausted all of his administrative remedies.

15.  Plaintiff Grant avers that he has lost income and benefits, and suffered mental anguish, as a result of Defendant's wrongful actions toward him.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Grant respectfully prays that

this Court grants him the following relief:

a) A judgement declaring that Plaintiff Grant was discriminated against by the Defendant, due to race discrimination.

b) An injunction requiring that Defendant grants Plaintiff Grant all employment benefits and other rights to which he may have been entitled, had he not been a victim of race discrimination.

c) A judgment awarding Plaintiff Grant compensatory and punitive damages, including damages for mental anguish, which this Court may deem just and proper under the facts and circumstances of this case;

d) An award of all court costs and reasonable attorney fee's, including those incurred for seeking administrative relief; and

e) Such further, other or different relief, as the Court may deem appropriate and necessary.

RESPECTFULLY submitted this 4th day of April, 2006.

_____
Cedric Grant, Plaintiff

_____
Karen Sampson Rodgers, SAM018
Attorney for Plaintiff

OF COUNSEL:
McPhillips Shinbaum, LLP
Post Box 64
516 South Perry Street
Montgomery, Alabama 36104
(334)262-1911 phone
(334) 263-2321 facsimile
karensrodgers@email.com

**A jury trial is requested on all issues so triable.**